UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GEORGE BERKA,

                      Plaintiff,
       v.                                         1:20-CV-516
                                                     (GTS/DJS)

ANDREW M. CUOMO,

                      Defendant.
_____

**APPEARANCES:**                                **OF COUNSEL:**

GEORGE BERKA
Plaintiff *Pro Se*
57 Concord Street
Waterbury, Connecticut 06710

HON. LETITIA JAMES                        JOSHUA TALLENT, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

# ORDER

The Complaint in this action was filed May 7, 2020. Dkt. No. 1. Plaintiff subsequently filed Affidavits of Service indicating that Defendant was served with the Complaint on May 19, 2020. Dkt. Nos. 5-6. A timely response to the Complaint was not filed and Plaintiff then requested that the Clerk of the Court enter a default. Dkt.

No. 7.  On June 22, 2020, a Clerk's Entry of Default was entered in the docket.  Dkt. No. 8.  Several days later, counsel for Defendant noticed his appearance and requested that the Clerk's Entry of Default be vacated.  Dkt. Nos. 9 & 10.[1]  For the reasons which follow, that request is granted.[2]

In considering the request to vacate the Clerk's Entry of Default, "[t]he Court is mindful that default judgments are an extreme remedy and are generally disfavored." *OneWest Bank, N.A. v. Conklin*, 310 F.R.D. 40, 44 (N.D.N.Y. 2015) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir.1993)).  "Strong public policy favors resolving disputes on the merits." *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996).  That is especially true in a case such as this where the issue presented involves the operation of a nuclear power plant. *See generally* Compl.  "The court may set aside an entry of default for good cause."  FED. R. CIV. P. 55(c).

> Although the rule does not define good cause, the Second Circuit has advised district courts to consider three factors in deciding a Rule 55(c) motion: (1) whether the default was willful; (2) whether the moving party has presented a meritorious defense; and (3) whether setting aside the default would prejudice the party for whom default was awarded.

---

[1] Plaintiff has now filed a Motion for Default Judgment.  Dkt. No. 11.

[2] An application to vacate a Clerk's entry of default is a non-dispositive matter that this Court may address. *See, e.g.*, *Romero v. County of Bergen*, 2016 WL 6406214, at *2 (D. N.J. Oct. 26, 2016); *Allstate Fire & Cas. Ins. Co. v. Novosad*, 2016 WL 5430191, at *1 n. 2 (E.D. Mich. Sept. 29, 2016) (citing cases).

*Curry v. Penn Credit Corp.*, 2015 WL 6674922, at *2 (W.D.N.Y. Nov. 2, 2015) (internal quotations and citations omitted) (citing cases); *see also Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001).

Considering these factors in the context of the clear preference for resolution of cases on their merits, the Court concludes that vacating the Clerk's Entry of Default is warranted here.  Nothing suggests that this default was willful.  Counsel appeared for Defendant less than three weeks after an answer was originally due.  The Court is cognizant that the sole Defendant in this action is Governor Cuomo and that the Governor's office has been addressing issues related to the ongoing Covid-19 pandemic which may account for a delay in responding to this Complaint.  Additionally, Defendant has now indicated that he has grounds for seeking dismissal of the Complaint.  Dkt. No. 10.  Although defense counsel's letter did not detail the basis on which dismissal would be sought, this is not fatal in light of the fact that "the Court prefers to resolve disputes on their merits."  *Freeman v. Rochester Psychiatric Ctr.*, 2013 WL 6230117, at *1 (W.D.N.Y. Dec. 2, 2013).  Nor at this very early stage of the litigation is there any basis for finding that vacating the Clerk's Entry of Default would prejudice Plaintiff.  "Prejudice results when delay causes 'the loss of evidence, create difficulties of discovery, or provide greater opportunity for fraud and collusion.'"  *Niepoth v. Montgomery Cty. Dist. Attorney's Office*, 177 F.R.D. 111, 113 (N.D.N.Y. 1998)

3

(quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)).  Nothing suggests that any of these circumstances are present to prejudice Plaintiff.

**ACCORDINGLY**, for the reasons stated herein, it is

**ORDERED**, that the Clerk's Entry of Default be vacated and that Defendant respond to the Complaint on or before July 30, 2020.

Date:  July 9, 2020
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge