UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GEORGE BERKA,

                          Plaintiff,

v.                                                                      1:20-cv-0516
                                                                                (GTS/DJS)
ANDREW M. CUOMO (both individually
and in his official capacity),

                          Defendant.
_____

APPEARANCES:                                         OF COUNSEL:

GEORGE BERKA
  Plaintiff, *Pro Se*
57 Concord Street
Waterbury, CT 06710

HON. LETITIA A. JAMES                         JOSHUA M. TALLENT, ESQ.
Attorney General for the State of New York      Assistant Attorney General
  Counsel for Defendant
The Capitol
Albany, NY 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

        Currently before the Court, in this environmental action filed by George Berka ("Plaintiff") against Andrew M. Cuomo ("Defendant"), is Defendant's motion to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and (6). (Dkt. No. 16.) For the reasons set forth below, Defendant's motion is granted.

**I.**      **RELEVANT BACKGROUND**

        **A.**      **Plaintiff's Claims**

Generally, liberally construed, Plaintiff's Complaint alleges that, between approximately January 8, 2017, and May 7, 2020, at the Indian Point Nuclear Plant ("Indian Point") in Buchanan, New York, Defendant wrongfully refused to grant Indian Point a permit to draw cooling water from the Hudson River, thus causing the premature and permanent shut down of Units 2 and 3 Indian Point, from which Plaintiff "likely" receives his power. (*See generally* Dkt. No. 1 [Plf.'s Compl.].) Based on these factual allegations, the Complaint asserts two claims: (1) a claim under the National Environmental Policy Act ("NEPA"), and (2) a claim under the Clean Air Act. (*See generally* Dkt. No.1 [Plf.'s Compl.].) Familiarity with these claims, and the factual allegations supporting them is assumed in this Decision and Order, which is intended primarily for review by the parties. (*Id.*)

**B.     Parties' Briefing on Defendant's Motion**

Generally, in support of his motion to dismiss, Defendant asserts the following four arguments: (1) to the extent that the Complaint asserts claims for prospective injunctive relief against Defendant in his official capacity, those claims (even if supported by factual allegations plausibly suggesting a violation by Defendant of either NEPA or the Clean Air Act, which they are not) are barred by the Eleventh Amendment, because the "real, substantial party in interest" in those claims is New York State and thus the narrow exception provided by *Ex Parte Young* (for claims for prospective injunctive relief) does not apply; (2) to the extent that the Complaint asserts a claim under the Clean Air Act, its failure to allege facts plausibly suggesting compliance with the Clean Air Act's pre-suit notice requirement deprives the Court of subject-matter jurisdiction over that claim; (3) in any event, even if the Court were to have subject-matter jurisdiction over a claim asserted under NEPA, that claim should be dismissed for failure to state a claim because NEPA applies only to federal agencies and not to *state* agencies or

2

officials; and (4) similarly, even if the Court were to have subject-matter jurisdiction over a claim asserted under the Clean Air Act, that claim should be dismissed for failure to state a claim because the Complaint identifies no violation of a concrete emission standard or limitation that is enforceable in a citizen suit under the Clean Air Act. (*See generally* Dkt. No. 16, Attach. 2 [Def.'s Memo. of Law].)

Generally, in response to Defendant's motion, Plaintiff asserts the following five arguments: (1) under *Ex Parte Young*, a claim for prospective injunctive relief against an official acting on behalf of a state is permitted where, as here, the State acts contrary to federal law (and there is a sufficient distinction alleged between the official's interest and the state's interest, which "there may be" here); (2) although it is true that the Complaint does not allege facts plausibly suggesting compliance with the Clean Air Act's pre-suit notice requirement, that requirement should be waived by the Court "[g]iven the seriousness of our climate crisis"; (3) even if Plaintiff's claim under NEPA were impermissible, his claim under the Clean Air Act should still suffice to warrant the relief he requests, or at the very least a claim would be permissible under New York State's equivalent to NEPA (New York State Environmental Quality Review Act or "SEQRA"); (4) Plaintiff's claim under the Clean Air Act is actionable because it does indeed identify a violation of a concrete emission standard or limitation under the Clean Air Act, specifically, the twelve-fold increase in carbon emissions that will be generated in the region by the closure of Indian Point (and the reliance instead on natural-gas-fired power plants); and (5) regardless of the foregoing, the Court should grant Plaintiff a default judgment against Defendant, because Plaintiff mailed his motion for default judgment to the Court on June 25, 2020, the day before Defendant filed his appearance (*See generally* Dkt. No. 18 [Plf.'s Opp'n Memo. of Law].)

Generally, in reply to Plaintiff's opposition, Defendant asserts the following four arguments: (1) Plaintiff makes no real attempt to dispute Defendant's Eleventh Amendment argument, and he fails to successfully refute Defendant's argument that the State is the real party in interest in Plaintiff's claims because the broad injunctive relief requested would interfere with public administration by preventing the State from administering its own laws and regulations); (2) Plaintiff concedes that he failed to comply with the Clean Air Act's pre-suit notice requirement, which is jurisdictional (and may not be waived); (3) to the extent that Plaintiff concedes that NEPA applies only to federal agencies and he now relies on SEQRA, he may not constructively amend his Complaint by asserting a new claim in an opposition memorandum of law and, even if he could do so, that new claim would not be actionable because it is subject a four-month limitations period (and here that period expired in May of 2017); and (4) although Plaintiff cites his allegation of a twelve-fold increase in carbon emissions, he fails to identify any specific standard or limitation that Defendant allegedly violated. (*See generally* Dkt. No. 19 [Def.'s Reply Memo. of Law].)

## II.     RELEVANT LEGAL STANDARDS

### A.     Legal Standard Governing Motions to Dismiss for Lack of Subject-Matter Jurisdiction

A case is properly dismissed for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. *Makarova v. U.S.,* 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12[b][1]). It is the burden of the plaintiff asserting subject-matter jurisdiction to prove, by a preponderance of the evidence, that it exists.  *Id.* When a court evaluates a motion to dismiss for lack of subject-matter jurisdiction, "all ambiguities must be resolved and inferences drawn in favor of the plaintiff. *Aurecchione v. Schoolman Transp. Sys.,* Inc., 426 F.3d 635, 638 (2d Cir. 2005) (citing

*Makarova*, 201 F.3d at 113).

### B. Legal Standard Governing Motions to Dismiss for Failure to State a Claim

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211, nn.15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at

212, n.17 (citing Supreme Court cases) (emphasis added).[1]

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the

---

[1]  *Accord, Flores v. Graphtex*, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (Munson, J.); *Hudson v. Artuz*, 95-CV-4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998); *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y.1995) (McAvoy, C.J.).

6

pleading must contain at least "some factual allegation[s]." *Id*. at 1965.  More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true.  *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 [internal quotation marks and citations omitted].  However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.  Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

Finally, a few words are appropriate regarding what documents are considered when a

dismissal for failure to state a claim is contemplated.  Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[2]

### C.     Legal Standards Governing Plaintiff's Claims

Because the parties to this action have demonstrated, in their memoranda of law, an

---

[2]     *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . .  Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . .  However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document.  It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment."). (internal quotation marks and citations omitted).

accurate understanding of the relevant points of law contained in the legal standards governing Plaintiff's claims, the Court will not recite, in their entirety, those legal standards in this Decision and Order, which (again) is intended primarily for review by the parties. (*See generally* Dkt. No. 16, Attach. 2 [Def.'s Memo. of Law]; Dkt. No. 18 [Plf.'s Opp'n Memo. of Law]; Dkt. No. 19 [Def.'s Opp'n Memo. of Law].)

### III.  ANALYSIS

#### A.  Whether the Court Lacks Subject-Matter Jurisdiction Over Plaintiff's Claims

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Defendant's memoranda of law. (Dkt. No. 16, Attach. 2 [Def.'s Memo. of Law]; Dkt. No. 19 [Def.'s Reply Memo. of Law].) To those reasons, the Court adds only three points.

First, Plaintiff is correct that *Ex Parte Young* permits an exception to the general bar of federal court jurisdiction over claims against a State or against a state official acting in his or her official capacity who is violating or plans to violate federal law. *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 326-27 (2015). However, this exception is narrow and applies only where the relief sought is prospective and not compensatory or otherwise retrospective. *Ex Parte Young*, 209 U.S. 123, 155-56 (1908) (explaining that officers of the state "may be enjoined by a Federal court of equity" when attempting to enforce against parties an "unconstitutional act"). Moreover, applied correctly, *Young* would not permit a federal-court action to proceed in every case where prospective declaratory relief is sought against an official acting in his or her official capacity. *See Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011) ("[A]bsent waiver or valid abrogation, federal court may not entertain a private person's suit against a State."). The Supreme Court explained that such an action would undermine the very

9

principle which the Eleventh Amendment relies, which is to impose a "real limitation" on a federal court's jurisdiction. *Va. Office for Prot. & Advocacy*, 563 U.S. at 270 (Roberts, C.J., dissenting) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 270 [1997]). "The general rule is that relief sought nominally against [a State] officer is in fact against the sovereign if the decree would operate against the latter." *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963); *accord*, *Pennhurst State Sch. v. Halderman*, 465 U.S. 89, 101 (1984). In this case, although Plaintiff argues that "there may be" a sufficient distinction alleged between Defendant's interest and New York State's interest to avoid the application of the Eleventh Amendment, he has failed to allege facts plausibly suggesting that such a distinction exists here.

Second, even if the Eleventh Amendment were not to bar the Court from exercising jurisdiction here, Plaintiff's failure to provide adequate notice as required by the Clean Air Act would prevent the Court from entertaining that claim. The Clean Air Act's plain language clearly requires pre-suit notification by a plaintiff, which must occur sixty days prior to the commencement of any action under the statute. 42 U.S.C. § 7604(b)(1)-(2). The Clean Air Act is not unique in its mandatory pre-suit notification requirement for citizen-suits; nor is the mandate a flexible one. As the Supreme Court made clear in *Hallstrom v. Tillamook Cty.*, "Because this language is expressly incorporated by reference . . . it acts as a specific limitation on a citizen's right to bring suit. Under a literal reading of the statute, compliance with the 60-day notice provision is a mandatory, not optional, condition precedent for suit." 493 U.S. 20, 26 (1989). "[A] district court may not disregard these requirements at its discretion." *Hallstrom*, 493 U.S. at 31. Although *Hallstrom* concerned the citizen-suit provision of the Resource Conservation and Recovery Act, the Clean Air Act expressly includes an identical 60-day notification requirement that the Supreme Court already declared to be a mandatory condition

precedent that Plaintiff must fulfil before filing this action.  *Hallstrom*, 493 U.S. at 26.

Despite Plaintiff's desire for the Court to make an exception to this requirement, there is no precedent to support his position that the Court can ignore federal law.  *Id*. at 27.  "The equities do not weigh in favor of modifying statutory requirements when the procedural default is caused by petitioners' 'failure to take the minimal steps necessary' to preserve their claims." *Id*.  The rationale that militates against a Court-granted waiver of pre-suit notice is to serve the ultimate goals Congress had when it created the requirement, which is to strike a balance between "encouraging citizen suits and avoiding burdening the federal courts with excessive numbers of suits" and, most importantly, to allow government agencies to cure violations without the need for litigation.  *Id*.  The Court notes that it has been unable to find any cases waiving this requirement under the Clean Air Act.[3]  Furthermore, even if waiver were permissible, the Court would not find it appropriate here.

In following *Hallstrom* and its progeny, the Court narrowly construes the notice provisions of environmental statutes as a jurisdictional prerequisite.  *Roe v. Wert*, 706 F. Supp. 788, 792 (W.D. Okla. 1989).  Even in extreme cases, such as those concerning pollution by

---

[3] Although there was a split of authority amongst U.S. Circuit Courts regarding the strictness in which Courts should construe the pre-suit notice requirements of various environmental statutes, this split was resolved by *Hallstrom*.  Before *Hallstrom*, some circuits adopted the "pragmatic/functional doctrine" which found subject-matter jurisdiction despite the lack of pre-suit notice by one of three factors: (1) determining notice-in-fact; (2) staying proceedings until the notice time had run; or (3) finding notice was procedural rather than jurisdictional.  *Proffitt v. Commissioners*, 754 F.2d 504, 506 (3rd Cir.1985) (Federal Water Pollution Control Act ("FWPCA"), and RCRA); *Hempstead County & Nev. County Project v. U.S.E.P.A.*, 700 F.2d 459, 463 & n. 5 (8th Cir.1983) (RCRA); *Susquehanna Valley Alliance v. Three Mile Island Nuclear Reactor*, 619 F.2d 231, 243 (3rd Cir.1980), *cert. denied*, 449 U.S. 1096 (1981) (National Environmental Policy Act); *Natural Resources Defense Council, Inc. v. Callaway,* 524 F.2d 79, 83-84 (2nd Cir.1975) (FWPCA); *Natural Resources Defense Council, Inc. v. Train,* 510 F.2d 692, 703 (D.C.Cir.1974) (Clean Air Act).  However, the Supreme Court's holding in *Hallstrom* effectively nullified the pragmatic/functional doctrine, and instead endorsed the jurisdictional prerequisite doctrine, which is the approach taken by the Court here.

hazardous substances, the mandate for requiring pre-suit notification does not falter. 42 U.S.C. § 6972(b)(1)(A) ("[S]uch action may be brought immediately after such notification"). Because the requirement is jurisdictional, a plaintiff must plead compliance with the requirement to state a claim. "[T]he giving of a 60–day notice is not simply a desideratum; it is a jurisdictional necessity." *Ctr. For Biological Diversity v. Marina Point Dev. Co.*, 566 F.3d 794, 800 (9th Cir. 2009).

Here, because Plaintiff failed to plead facts plausibly suggesting that he has afforded Defendant the 60-day notice required by the plain language of the statute, he has failed to meet a mandatory condition precedent to maintain a citizen-suit in federal court, and the Court thus lacks subject-matter jurisdiction over Plaintiff's Clean Air Act claim. *Nat'l Parks & Conservation Ass'n, Inc. v. Tennessee Valley Auth.*, 502 F.3d 1316, 1329 (11th Cir. 2007); *Envtl. Integrity Project v. United States Envtl. Prot. Agency*, 160 F. Supp. 3d 50, 55 (D. D.C. 2015).

Third, even setting aside the two above-described jurisdictional pitfalls, the Court has trouble finding that Plaintiff has standing, given the speculative nature of his alleged injury. (*See, e.g.,* Dkt. No. 1, at 3 [Plf.'s Compl., alleging that he "likely receives power from the Plant"]; Dkt. No. 18, at 5 [Plf.'s Opp'n Memo. of Law, arguing that he is "very likely" a consumer].)

### B. Whether, in the Alternative, Plaintiff's Claims Should Be Dismissed Because He Failed to State a Claim Upon Which Relief Can Be Granted

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Defendant's memoranda of law. (Dkt. No. 16, Attach. 2 [Def.'s Memo. of Law]; Dkt. No. 19 [Def.'s Reply Memo. of Law].) To those reasons, the Court adds only three points.

First, NEPA imposes environmental obligations on federal agencies, not on the several

states or their executive officers.  42 U.S.C. § 4331(a).  Although the statute provides that federal agencies should seek cooperation from the several states in maintaining environmental standards, such cooperation by the states is not required by law under NEPA: "[I]t is the continuing responsibility of the *Federal Government* . . . to improve and coordinate *Federal plans*. . . ."  *Id*. at § 4331(b) (emphasis added).  Here, were the Court to find that Plaintiff's Complaint sufficiently alleges a violation under NEPA (which the Court does not), such a claim could not be sustained against a state agency or official.  Because Plaintiff's Complaint is directed against the Governor of New York (in both his individual and official capacity), Plaintiff fails to state an actionable claim under NEPA.  Fed. R. Civ. P. 12(b)(6).

Second, despite the fact that Defendants have failed to appreciate the breath of the special solicitude afforded to *pro se* civil rights plaintiffs (which permits them to constructively amend their complaint, in certain circumstances, through an opposition to a motion to dismiss), Plaintiff has nevertheless failed to state a claim due to his failure to abide by the four-month statute of limitations.  Where a plaintiff is proceeding *pro se*, factual assertions in the plaintiff's opposition to a motion to dismiss may be considered and treated as an amendment to the complaint, if those factual assertions are consistent with those of the complaint.  *Holmes v. Fresh Direct*, 13-CV-4657, 2015 WL 4885216, at *3 (E.D.N.Y. Aug. 5, 2015) (citing *Rosales v. Kikendall*, 605 F. App'x 12, 15 [2d Cir. 2015]).  Here, as a threshold matter, the Court has difficulty finding the new factual allegations even consistent with those of Plaintiff's detailed Complaint.  In any event, Plaintiff has failed to explain, let alone even address, why the four-month statute of limitations period has been complied with or should be tolled, given the new factual allegations.  For these reasons, the Court finds the defects in Plaintiff's NEPA claim (and proposed SEQRA claim) substantive and not merely formal such that better pleading would not cure them.

Third, Plaintiff's claim under the Clean Air Act does not cite a specific violation, emission standard or limitation set by the Clean Air Act. Granted, Plaintiff relies on his allegation of a twelve-fold increase in carbon emissions that would be generated in the region by the closure of Indian Point (and the reliance instead on natural-gas-fired power plants). (Dkt. No. 1, at 4.) However, even setting aside the attenuated causal link between this alleged increase and the closure of Indian Point, Plaintiff fails to allege any facts plausibly suggesting what particular emissions standard or limitation of the Clean Air would be violated by the alleged increase (and the Court has trouble identifying one).

Finally, the Court denies Plaintiff's request for a default judgment for two reasons: (1) that request is moot, given the Court's dismissal of his claims, and (2) in any event, that request was denied on July 13, 2020. (Dkt. No. 15.)

For all of these alternative reasons, the Court finds that Plaintiff's claims are dismissed.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 16) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: March 26, 2021
       Syracuse, New York

Glenn T. Suddaby
Chief U.S. District Judge